IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Maurice Brown,<br><br>                Petitioner,<br><br>v.<br><br>Warden Stevenson,<br><br>                Respondent. | Civil Action No.: 2:15-cv-01885-HMH-MGB<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 10; *see also* Dkt. No. 11.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on April 30, 2015. (*See* Dkt. No. 1 at 14 of 15; *see also* Dkt. No. 1-1 at 1 of 2.) On July 20, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 10; *see also* Dkt. No. 11.) By order filed July 20, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 12.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about October 29, 2015. (*See generally* Dkt. No. 21.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In July of 2009, the Charleston County Grand Jury indicted Petitioner for murder, armed robbery, criminal conspiracy, and possession of a firearm during the commission of a violent crime. (R. at 29-40.) Petitioner was represented by Beatie Butler,

1

Esquire. (*See* R. at 1.) On July 7, 2010, Petitioner pled guilty as charged before the Honorable Thomas L. Hughston. (*See* R. at 1-27.) That same day, Judge Hughston sentenced Petitioner to thirty years on the conviction for murder, thirty years on the conviction for armed robbery, five years on the conviction for criminal conspiracy, and five years on the conviction for possession of a firearm during the commission of a violent crime. (R. at 26-27.) Judge Hughston ordered that the sentences for murder, armed robbery, and criminal conspiracy run concurrently, but that the conviction for possession of a firearm during the commission of a violent crime run consecutively to the other sentences. (R. at 26-27.)

Petitioner did not file a direct appeal. However, on May 27, 2011, he filed an application for post-conviction relief ("PCR"). (R. at 41-44.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>> I was wrongfully convicted because my lawyer wasn't of any assistance to my case. I was convicted because I made a confession while under the influence of drugs.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
>> On grounds pertaining to my lawyer. He was very ineffective. Due to the fact his failure to raise the issue that I was a juvenile. His failure to thoroughly investigate an present evidence [that] could or couldn't be used against me[.] His failure to flesh out the fact that Isiah Moody confessed to the crime I charged with. His failure to call upon witness that could describe the killer. His failure to discredit my statement cause I was under the influence of drugs. His failure to informme that I would plea. Failure to call mitigating witnesses during preliminary hearing.

(R. at 42; *see also* Dkt. No. 11-2 at 4-5 of 9.)

On December 7, 2012, an evidentiary hearing was held before Judge Roger M. Young, Sr. (R. at 50-90.) Petitioner was present and represented by William Nixon, Esquire. (*See* R. 50.) In a

2

written order dated December 31, 2012, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 91-101.)

Petitioner, through his attorney Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, filed a *Johnson* Petition for Writ of Certiorari on August 13, 2013. (*See* Dkt. No. 11-4.)[1] Through counsel, Petitioner raised the following issue: "Was the guilty plea to murder rendered involuntary by the fact that counsel and the plea judge failed to explain malice aforethought as an element of murder?" (Dkt. No. 11-4 at 3 of 11.) Ms. Hudgins also filed a petition to be relieved as counsel. (*Id.* at 10 of 11.) Petitioner filed a *pro se* response to the *Johnson* petition. (*See* Dkt. No. 11-5.)

In an order filed February 24, 2015, the South Carolina Court of Appeals denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 11-6.) The matter was remitted to the lower court on March 17, 2015. (Dkt. No. 11-7.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: Counsel was ineffective for not investigating the voluntariness of petitioners confession.
> **Supporting facts**: The confession made by defendant was made without knowledge of what was factual. Had counsel investigated defendants statement he'd have realized that statement wasn't written by defendant. An with internal investigation that statement would had to have been suppressed. Making the most incriminating evidence against the defendant insufficient.
>
> **GROUND TWO**: Counsel was ineffective for not advising defendant of his right to direct appeal.
> **Supporting facts**: Had trial attorney instructed defendant that he had a right to direct appeal. Issues raised in P.C.R. that are actually direct appeal issues should have and would have been heard. Had I been given my right to a direct appeal.
>
> **GROUND THREE**: Counsel was ineffective for not advising defendant of his rights to go to trial. An represent him properly upon going to trial.
> **Supporting facts**: Counsel was ineffective because he put defendant under pressure to believe that he had no defense that he can go to trial with. Violating defendants 6th

---

[1] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

3

> Amendment. Insisting that defendant take a plea instead of going to trial. Had I (defendant) known what he (I) knows now. Would have insisted on going to trial.
>
> **GROUND FOUR**: Trial Judge errored by allowing the state to make findings of fact and conclusions of law in violation of what is mandated in the statute.
> **Supporting facts**: Judge failed to instruct the courts to instruct the defendant of what he was pleading to an what the possible consequences. Asking defendant to plead to something he knowingly had no clear understanding of. Which is on the record.

(Dkt. No. 1 at 5-10 of 15.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 10; *see also* Dkt. No. 11.) Petitioner, in responding to the Motion for Summary Judgment, stated that he "withdraws Grounds Two, Three, and [F]our as it [sic] lacks merit and will solely proceed on Ground One." (Dkt. No. 21 at 1 of 7.) For the reasons set forth herein, the undersigned recommends granting Respondent's Motion for Summary Judgment.

In Ground One, Petitioner's sole ground for relief, Petitioner contends that counsel was ineffective for failing to investigate the voluntariness of Petitioner's confession. Petitioner states (verbatim),

> The confession made by defendant was made without knowledge of what was factual. Had counsel investigated defendants statement he'd have realized that statement wasn't written by defendant. An with internal investigation that statement would had to have been suppressed. Making the most incriminating evidence against the defendant insufficient.

(Dkt. No. 1 at 5 of 15.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly

5

deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id*. While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In the case *sub judice*, the PCR court noted the following testimony of Petitioner:

> [Petitioner] testified that his attorney did not discuss with him possible defenses and he did not discuss with him possible defenses and he did not give counsel any leads or potential witnesses to investigate. The Applicant testified that plea counsel told him to plead guilty and that it was not his decision to plead guilty. The Applicant testified that the statement he gave to police was not freely and voluntarily made.

(R. at 93.) The PCR court also noted the testimony of plea counsel as follows:

> Counsel testified that he explained to the Applicant that when someone is killed during the commission of a robbery, the charge is murder. He testified he would

6

> normally discuss possible defenses with the Applicant, but that he told the Applicant that he did not have a defense. Counsel testified the Applicant admitted his guilt, did not want to go to trial, and was very concerned with the resolution of his co-defendant's charges. Counsel testified that once he received the discovery he did not need to do any further negotiations.
>
> Counsel testified further that the State was not interested in any plea negotiations, however, they would let counsel speak with Judge Hughston to get an idea of the Applicant's possible sentence if the Applicant were to plead guilty before Judge Hughston. Counsel testified the Applicant wanted him to approach Judge Hughston and the Judge agreed to the minimum sentence of 30 years. Counsel testified that he does not recall a discussion with the Applicant about the voluntariness of his statement to police. Counsel testified that he felt the Applicant'[s] plea was entered freely and voluntarily.
>
> Counsel testified that he did not look into the shooting being an accident as a defense because it would not have been a valid defense at trial. . . .

(R. at 93-94.)

In evaluating the Petitioner's claim of ineffective assistance of counsel, the PCR court stated as follows:

> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds that Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in [his] representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.
>
> This Court finds that the Applicant's guilty plea was entered freely and voluntarily. A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. Dalton v. State, 376 S.C. 130, 137-38 (Ct. App. 2007) (citing Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents valid reasons why he should be allowed to depart from the truth of his statements. Id. (citing Crawford v. United States, 519 F.2d 347 (4th Cir. 1975); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976)). The record reflects that during the plea colloquy, the Applicant stated that his plea was entered freely, voluntarily, knowingly, and intelligently. (T.7). Applicant acknowledged that he was guilty of these offenses. (T.7). Applicant told the plea court that no one had threatened him or promised him anything to plead guilty. (T.7). Trial counsel gave credible testimony that he felt the Applicant's plea was entered freely

> and voluntarily and that the Applicant expressed no interest in proceeding to trial. This Court finds that the Applicant has failed to present evidence to show why this Court should depart from the statements made by the Applicant during the plea proceeding. This Court finds that Applicant understood his guilty plea proceedings and that the Applicant's plea was entered freely and voluntarily.
> . . .
> This Court finds that trial counsel was not ineffective for failing to explore further accident as a defense and the voluntariness of the Applicant's statement to police. This Court finds that accident would not have been a valid defense at trial and counsel gave credible testimony that he would not have presented that evidence at trial. This Court finds that the Applicant has put forth no evidence to support his allegation that counsel should have looked into the voluntariness of the statement he made to police. Further, this Court finds that during his plea proceeding, the Applicant was advised that he was giving up his constitutional rights to challenge the sufficiency of the evidence against him at trial. (T. 6-7).

(R. at 96-99.)

The undersigned recommends granting Respondent's Motion for Summary Judgment. As noted above, Petitioner is not entitled to federal habeas relief unless the state adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (b) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner asserts in the instant action that his confession was involuntary because it was "made without knowledge of what was factual." (Dkt. No. 1 at 5 of 15.) He does not explain, however, what facts he contends he did not know in making his confession, nor does it appear that such facts were presented at the state PCR hearing. Petitioner does assert that if counsel had investigated his statement, counsel would "have realized that statement wasn't written by defendant." (Dkt. No. 1 at 5 of 15.) In his Response in Opposition, Petitioner again points to his contention that "he did not write the confession and that it should have been suppresses." (Dkt. No. 21 at 5 of 7.) Petitioner complains that although he "communicated this information to plea counsel[,] . . . plea counsel did not investigate whether or not that was true." (*Id.*) To the extent Petitioner contends his confession was not voluntary because he did not physically pen the statement, Petitioner is not

8

entitled to habeas relief. The undersigned knows of no constitutional requirement that a confession be in the defendant's handwriting or even in writing at all. *See, e.g., Berghuis v. Thompkins*, 560 U.S. 370 (2010) (habeas relief denied where the petitioner "refused to make a written confession" but trial court admitted the petitioner's verbal responses to officers).

In opposing Respondent's Motion for Summary Judgment, Petitioner also points to plea counsel's testimony "that he did not talk to Petitioner about whether or not his statement was voluntary." (Dkt. No. 21 at 5.) Citing to *Wiggins v. Smith*, 539 U.S. 510 (2003), Petitioner states, "[a]s plea counsel admitted, he did not conduct an investigation to determine the validity of the circumstances surrounding the confession, so no reasonable strategic decision could be made." (Dkt. No. 21 at 6 of 7.) Petitioner states (verbatim),

> Had plea counsel first conducted an investigation into the voluntariness of the confession, then determined that those issues of Petitioner's age and mental health history were of no merit. His decision to not move for a suppression of the statement would have then been justified. But that's not what happened in this case. Plea counsel did not do any investigation into the confession, but now speaks in retrospect that had he done so, then he believe those issues would not have gotten the statement suppressed. This contention is contrary to the *Strickland* standard that encourages the court to avoid the distortion of hindsight.

(Dkt. No. 21 at 6 of 7.)

The undersigned is not persuaded. As the Court noted in *Strickland*,

> These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. As the Court of Appeals concluded, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and **strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation**. In other words, counsel has a duty to make reasonable investigations **or to make a reasonable decision that makes particular investigations unnecessary**. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91 (emphasis added).

9

The PCR court found that plea counsel "gave credible testimony that he felt the Applicant's plea was entered freely and voluntarily and that the Applicant expressed no interest in going to trial." (R. at 97.) Such a factual finding on credibility is "presumed to be correct"; Petitioner has the "burden of rebutting the presumption . . . by clear and convincing evidence," but he has not done so. 28 U.S.C. § 2254(e)(1); *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003); *cf. Wilson*, 352 F.3d at 860 ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination.").

Petitioner reiterates in his Response in Opposition that counsel was ineffective for failing to investigate the voluntariness of his confession, but Petitioner has not presented any evidence to support his contention that the confession was involuntary.[2] Accordingly, Petitioner is not entitled to federal habeas relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor,

---

[2]The undersigned concludes the case cited by Petitioner, *Wiggins v. Smith*, 539 U.S. 510 (2003), does not require a different result. *Wiggins* was a capital habeas petition, and the Court concluded that "[c]ounsel's decision not to expand their investigation beyond the PSI [(presentence investigation report)] and the DSS [(Baltimore City Department of Social Services)] records fell short of the professional standards that prevailed in Maryland in 1989," as "standard practice in Maryland in capital cases at the time of Wiggins' trial included the preparation of a social history report." *Wiggins*, 539 U.S. at 524 (2003). The Court in *Wiggins*, however, "emphasize[d] that *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing." *Wiggins*, 539 U.S. at 533. The *Wiggins* Court noted that the "mitigating evidence counsel failed to discover and present . . . [was] powerful." *Id.* at 534. The instant action is not a capital habeas proceeding, and unlike the record in *Wiggins*, the record in the case *sub judice* does not contain evidence supporting Petitioner's claim that his confession was involuntary. Petitioner is therefore not entitled to habeas relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("hold[ing] that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 10) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[3]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 20, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).