IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony Maurice Brown, | ) | |
| | ) | C.A. No. 2:15-1885-HMH-MGB |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Anthony Maurice Brown ("Brown") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Baker recommends granting the Respondent's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Brown is currently incarcerated at the Broad River Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In July 2009, Brown was indicted in South Carolina state court for murder, armed robbery, criminal conspiracy, and possession of a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

firearm during the commission of a violent crime. (Resp't Mem. Supp. Mot. Summ. J. Ex. 1 (PCR App. 29-40), ECF No. 11-1.) On July 7, 2010, Brown pled guilty as charged. (Id. Ex. 1 (PCR App. 1-27), ECF No. 11-1.) Brown was sentenced to thirty years' imprisonment for murder, thirty years' imprisonment for armed robbery, and five years' imprisonment for criminal conspiracy, all such terms to be served concurrently. (Id. Ex. 1 (PCR App. 26-27), ECF No. 11-1.) Brown was sentenced to five years' imprisonment for possession of a firearm during the commission of a violent crime, to be served consecutively to the other sentences. (Id. Ex. 1 (PCR App. 26-27), ECF No. 11-1.)

Brown did not file a direct appeal. However, on May 27, 2011, Brown filed an application for post-conviction relief ("PCR"). (Id. Ex. 1 (PCR App. 41-44), ECF No. 11-1.) A PCR hearing was held on December 7, 2012. (Resp't Mem. Supp. Mot. Summ. J. Ex. 1 (PCR App. 50-90), ECF No. 11-1.) On December 31, 2012, the PCR court denied Brown's PCR application and dismissed the petition. (Id. Ex. 1 (PCR App. 91-101), ECF No. 11-1.) Brown filed a Johnson petition for writ of certiorari with the South Carolina Supreme Court on August 13, 2013. (Id. Ex. 4 (Petition for Writ of Cert.), ECF No. 11-4.) On February 24, 2015, the South Carolina Court of Appeals denied the petition for writ of certiorari. (Id. Ex. 6 (Court of Appeals Order), ECF No. 11-6.)

Brown filed a federal petition for writ of habeas corpus on May 5, 2015. (§ 2254 Petition, ECF No. 1.) Brown alleges as follows: (1) his trial counsel was ineffective for failing to investigate the voluntariness of his confession; (2) his trial counsel was ineffective for failing to advise him of his right to direct appeal; (3) his trial counsel was ineffective for failing to advise him of his right to a jury trial; and (4) the trial judge erred by allowing the

state to make findings of fact and conclusions of law in violation of statutory mandate. (Id., generally, ECF No. 1.) On July 20, 2015, Respondent filed a motion for summary judgment. (Resp't Mot. Summ. J., ECF No. 10.) Brown responded on November 5, 2015. (Resp. Opp'n Mot. Summ. J., ECF No. 21.) On January 20, 2016, Magistrate Judge Baker issued a Report and Recommendation. (Report & Recommendation, ECF No. 27.) Within the initial deadline for objections to the Report and Recommendation, the court did not receive any objections from Brown. Having received no objections, the court issued an order on February 11, 2016, adopting the Report and Recommendation. (Feb. 11, 2016, Order, ECF No. 29.) However, based on the mailing date, Brown timely filed objections on February 4, 2016,[2] but the court did not receive his objections until after the court's order adopting the Report and Recommendation. (Objections, ECF No. 32.) Therefore, the court vacates the February 11, 2016 order adopting the Report and Recommendation and the court will consider Brown's timely objections.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court was able to glean two specific objections.

Brown's first objection is that the magistrate judge erred in finding that Brown withdrew and waived three grounds in his § 2254 petition. (§ 2254 Petition 2, ECF No. 1.) In his response to the Respondent's motion for summary judgment, Brown explicitly stated: "As a threshold matter, Petitioner hereby withdraws Grounds Two, Three, and four [sic] as it lacks merit and will solely proceed on Ground One." (Resp. Opp'n Mot. Summ. J. 1, ECF No. 21.) Based on this statement, the magistrate judge only addressed Brown's first ground for relief. (Report & Recommendation 5, ECF No. 27.) Brown now claims that this statement was a typographical error and scrivener's error. (§ 2254 Petition 2, ECF No. 1.) However, this argument is without merit. First, Brown fails to explain what part of his statement contains a typographical mistake. Moreover, the statement contains a conjunction, and both clauses on either side of the conjunction indicate Brown's intent that the court consider only his first ground for relief. Second, even if the entire sentence was written in error, Brown repeats this intent in his conclusion, by stating he "is entitled to relief on the merits of his Ground One," without reference to any of the other three grounds. (Resp. Opp'n Mot. Summ. J. 7, ECF No. 21.) Thus, the court finds that a typographical or scrivener's error is not present in Brown's statement.

Most importantly, Brown also fails to address any of the other three grounds in his response or objections, which further indicates Brown intended to waive those grounds. (Id., generally, ECF No. 21.) Moreover, regardless of Brown's argument for typographical or scrivener's error, when a petitioner does not respond on a motion for summary judgment to certain grounds in his petition, the petitioner waives those particular grounds. See Harvin v. Lieber Corr. Inst., No. 5:14-CV-1064-RMG, 2015 WL 149917, at *15 (D.S.C. Jan. 12, 2015)

(unpublished). For the reasons set forth above, the court finds this objection to be without merit and that Brown withdrew and waived these three grounds for relief. Moreover, the court has reviewed the other three grounds for relief, and finds them to be without merit.

The sole claim the magistrate judge addressed was Brown's claim that his counsel was ineffective for failing to investigate the voluntariness of his confession. (Report & Recommendation 5, ECF No. 27.) The magistrate judge recommended that Brown was not entitled to habeas relief. (Id., ECF No. 27.) Brown's objection on this ground is that the magistrate judge erred in finding that he had not presented any evidence to support his claim that his confession was involuntary. (§ 2254 Petition 3, ECF No. 1.) Brown's trial counsel had "a duty to make reasonable investigation into mitigating factors." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 691 (1984)). However, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Id.

Brown asserts there are two pieces of evidence that support his contention: (1) his testimony at the PCR hearing, and (2) his trial counsel's testimony at the PCR hearing that he and Brown "very well may not have talked about whether or not his statement was voluntary." (§ 2254 Petition 3, ECF No. 1; Resp't Mem. Supp. Mot. Summ. J. Ex. 1 (PCR App. 73), ECF No. 11-1.) First, trial counsel's testimony is irrelevant to the magistrate judge's determination, as it is not evidence that supports Brown's contention that his confession was involuntary. Second, a petitioner that "has not presented any evidence other than his own self-serving statements, made after his confession, to support his allegation that his statements to police were involuntary," supports a finding, under the totality of the circumstances, that the

petitioner's confession was intelligent and voluntary. Astacio v. Hedgpeth, No. CV 11-3082-MMM(-LAL), 2015 WL 1524563, at *18-19 (C.D. Cal. Mar. 31, 2015) (unpublished); see also Foy v. Ballard, No. CIV.A. 5:08CV42, 2009 WL 667201, at *21 (N.D. W. Va. Mar. 12, 2009) (unpublished) ("Conclusory and self-serving statements are simply not sufficient to meet the petitioner's burden of proof under § 2254."). Critically, the only evidence Brown proffers is his self-serving testimony at the PCR hearing. Prior to his PCR proceeding, there is no statement concerning the voluntariness of his confession. During the PCR hearing, Brown's trial counsel testified as follows:

> I can only say – he gave a complete statement, which in my recollection, is a confession. I haven't looked back at it. I'm looking at my notes, and I don't see him telling me my statement is not true. I don't see a version from him that is different from his statement.

(Resp't Mem. Supp. Mot. Summ. J. Ex. 1 (PCR App. 80), ECF No. 11-1.) Moreover, Brown also fails to provide any factual support to show that his trial counsel was objectively unreasonable or that he was prejudiced by his trial counsel's failures under Strickland. For the reasons set forth above, the court finds that Brown's second objection is without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein. Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Brown's habeas petition with prejudice.

It is therefore

**ORDERED** that the previous order adopting the Report and Recommendation and dismissing the case, dated February 11, 2016, docket number 29, is vacated. It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 10, is granted and Brown's habeas petition is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                              s/Henry M. Herlong, Jr.
                                                              Senior United States District Judge

Greenville, South Carolina
February 23, 2016

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.